UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **BERTON HAMM,** | **CIVIL NO. 5:23-9-KKC** |
| **Plaintiff,** | |
| v. | **OPINION & ORDER** |
| **UNITED STATES OF AMERICA DEPARTMENT OF DEFENSE and CHRISTINE E. WORMUTH,** *Secretary, Department of the Army*, | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendants' motion to dismiss. (DE 8.) For the following reasons, the Court grants Defendants' motion.

I.   **Background**

Plaintiff Berton Hamm applied for a position with the Defendant at the Bluegrass Army Depot ("BGAD") in September 2014. Hamm was offered a position under the condition that he pass a background investigation and a physical examination. The BGAD's Medical Officer Dr. John Barber administered Hamm's physical examination. Dr. Barber raised concerns about an abnormal electrocardiogram and told Hamm that he would need a letter from his physician confirming that he could perform the position. Plaintiff alleges that despite providing a letter to Dr. Barber stating that he was fine to start work, Dr. Barber refused to clear him for employment. On October 8, 2014, Hamm received notice that he was ineligible for employment due to Dr. Barber's report.

1

On April 22, 2015, Hamm filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of age and disability. On May 31, 2017, the parties agreed to settle the Equal Employment Opportunity ("EEO") administrative complaint and executed a Negotiated Settlement Agreement ("NSA"). The execution of this agreement terminated the EEOC's processing and investigation of Hamm's administrative complaint.

Years after the NSA was entered, Hamm claimed that the Army failed to satisfy the settlement obligations by not hiring him for employment. Hamm filed suit in this Court in May 2021 seeking to enforce the settlement agreement. *Hamm v. United States*, E.D.K.Y No. 5:21-cv-127-REW-MAS. The Court ultimately found that it lacked subject matter jurisdiction due to Hamm's failure to exhaust his administrative remedies.

Following the Court's directive, Hamm turned to the Equal Employment Opportunity Compliance and Complaints Review (EEOCCR) and again alleged Agency noncompliance with the settlement agreement. Responding to the allegation, on December 9, 2022, the EEOCR issued a decision titled "Final Decision" finding that Defendant had complied with the NSA. The Final Decision also contained language informing Plaintiff of his appeal rights.

On January 20, 2023, Hamm filed the present complaint alleging that he received his "Notice of Right to Sue" letter on December 9, 2022. Hamm brought one count of age discrimination under 42 U.S.C. § 2000e-5, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and one count of disability discrimination, also under Title VII and the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"). Defendants now move to dismiss on the basis that Plaintiff still has not exhausted his administrative remedies, thus depriving this Court of subject matter jurisdiction.

## II. Analysis

Fed. R. Civ. P 12(b)(1) allows a party to move for the dismissal of a claim for lack of subject matter jurisdiction. In general, there are two types of jurisdictional challenges – facial and factual. Facial attacks on subject matter jurisdiction challenge the sufficiency of the pleadings. In such cases, courts apply the Rule 12(b)(6) standard; the Court must accept the alleged facts to be true and determine if those facts are sufficient to state a claim for relief that is plausible on its face. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Unlike a Rule 12(b)(1) facial challenge, when the facts underlying subject matter jurisdiction are challenged the court does not presume that those factual allegations are true and may look beyond the pleadings and weigh competing evidence to determine if subject matter jurisdiction exists without converting the Rule 12(b)(1) motion to a motion for summary judgment. *Id.* Once challenged, the party asserting jurisdiction has the burden of proving its existence. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 104 (1998). A court lacking subject matter jurisdiction cannot render judgment and is compelled to dismiss an action at any stage once it is apparent that jurisdiction is lacking. *Bauer v. RBX Indus.*, 368 F.3d 569, 580-81 (6th Cir. 2004), overruled on other grounds by *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005-06 (6th Cir. 2009).

Here, the Court construes the United States's motion as a factual attack. The Government relies on sovereign immunity and factually contests the existence of a required waiver. Federal district courts are courts of limited jurisdiction, and "[t]he United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 61 S. Ct. 767, 769 (1941). "The doctrine of sovereign immunity serves as a bar to suit against the United States unless the government has explicitly waived sovereign immunity. A waiver of sovereign immunity must be clear, express, and unambiguous; it cannot be implied from

3

vague language." *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1325 (6th Cir. 1993). Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment. *Taylor v. Geithner*, 703 F.3d 328, 333 (6th Cir. 2013). In the Title VII context, the United States has waived its immunity by permitting federal employees to sue under Title VII upon the condition that the plaintiff first satisfy rigorous administrative exhaustion requirements and time limits. *Steiner v. Henderson*, 354 F.3d 432, 434 (6th Cir. 2003) (citations omitted).

Title VII, however, does not address waiver of sovereign immunity for actions to enforce settlement agreements. *Taylor*, 703 F.3d at 335. Rather, the EEOC regulations provide direction. Under 29 C.F.R. § 1614.504, settlement agreements "knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties." If the complainant believes the agency has not complied with the terms of the settlement agreement, he must notify the EEO director in writing of the alleged non-compliance with the settlement agreement and request either (1) specific performance under the terms of the settlement agreement, or (2) reinstatement of the complaint. *Id.* If, after the director's investigation into the alleged noncompliance, the complainant is unsatisfied with the director's decision, the complainant may appeal the decision to the EEO Commission. *Id.*

In this case, after this Court found that it did not have jurisdiction, Plaintiff notified the army EEOCR director of Defendant's alleged noncompliance with the settlement agreement in accordance with the regulations. The director investigated the allegation and found that Defendant had complied with the settlement agreement. At that point, the regulations direct Plaintiff to file an appeal of the director's decision with the Commission. Instead, Plaintiff came to this Court and re-filed claims of age discrimination and disability discrimination. Plaintiff, however, had already settled his EEO discrimination complaints

4

with Defendant by execution of the settlement agreement. Thus, the only way he could come to this Court and reassert those claims is if he alleged noncompliance with the settlement agreement to the agency director and requested reinstatement of the complaint, the director issued a decision finding that Defendants had in fact violated the settlement agreement, and the EEOC then fully investigated his reinstated complaint and issued a final decision. That is not what happened. Although Plaintiff did claim that the Army did not comply with the settlement agreement, the EEO Director found that it did. Once the EEO Director found that the Army complied, the only option Plaintiff had was to appeal that decision to the Commission.

Plaintiff contends that the issuance of the final decision letter exhausted all administrative remedies and thereby permitted him to file an action in this Court. Although the final decision may have allowed him to appeal the decision that the Army did not breach the settlement agreement, it did not allow Hamm to reassert the underlying discrimination claims in a civil action.

Plaintiff has entered into a binding settlement agreement with the Army releasing his claims. There has been no finding that the Defendant has breached that settlement agreement, and therefore, it is still binding on Plaintiff. Without reinstatement of the complaint and exhaustion of administrative remedies in the EEOC, the United States has not waived its sovereign immunity. Accordingly, this Court does not have jurisdiction over Plaintiff's claims, and they must be dismissed.

### III. Conclusion

For the foregoing reasons, the Court ORDERS

1. Defendants' motion to dismiss (DE 8) is GRANTED; and
2. All claims asserted by Plaintiff are DISMISSED without prejudice for lack of jurisdiction.

This 9th day of July, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

6